[No. 10,689.—In Bank.]
April 29, 1882.

## THE PEOPLE *v.* EDWARD McLANE.

CREDIBILITY OF WITNESS—CONVICT—INSTRUCTION.—The Court below did not err in refusing to instruct the jury, that, "A witness who has been convicted of the crime of burglary, and served out a term of imprisonment for such crime, is not entitled as a witness to full credit at your hands."

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the City and County of San Francisco. FERRAL, J.

*George W. Tyler,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

The COURT:

The Court below did not err in refusing to instruct the jury, that, "A witness who has been convicted of the crime of burglary and served out a term of imprisonment for such crime is not entitled as a witness to full credit at your hands." Every person (with certain exceptions, of whom a convict is not one) who, "having organs of sense, can perceive," etc., is a competent witness. (C. C. P., 1879.) Every competent witness is presumed to speak the truth. Whether the presumption is removed by evidence, is a matter of which the jury are the "exclusive judges." (C. C. P., 1847.) A witness may be impeached, that is to say, the credibility to which his testimony is presumptively entitled may be removed (hindered or barred) by testimony or evidence contradictory of or rendering incredible his statements, or by evidence of general bad reputation for veracity, etc. (C. C. P., 2051, 2052.) But it remains for the jury to determine whether a particular witness has told the truth in the case, notwithstanding the fact is established of his general bad reputation for truth and integrity. So they may believe a witness, notwithstanding proof of his conviction of a felony.

It would have been error to have charged the jury that a former conviction, necessarily, and as a matter of law, deprived the particular witness of any portion of the credit presumptively due to the testimony of witnesses.

Judgment and order affirmed.